# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3171 | DATE | NOVEMBER 15, 2004 |
| CASE TITLE | TBI, INC., etc. v. COMMUNICATION CONSULTING SERVICES, INC., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for attorney fees [9-1] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff in the amount of $2,955.00 representing reasonable attorney fees.

(11) ■ [For further detail see Memorandum Opinion and Order attached to this original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 13 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | Nov. 15, 2004 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TBI, INC., a Michigan corporation, )
d/b/a Telecom Brokerage, Inc., )
)
        Plaintiff, )
)
v. )   No. 04 C 3171
)
COMMUNICATION CONSULTING SERVICES, )
INC., a California corporation, )
d/b/a Communication Management )
Services, )
)
        Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff TBI, Inc. brought this action alleging that defendant Communications Consulting Services, Inc. had breached the parties' contract. Jurisdiction was based on diversity. Defendant filed a motion to dismiss that was labeled as being pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The purported Rule 12(b)(6) aspect of the motion argued that (a) plaintiff had fraudulently inserted language into the signed version of the contract; (b) an alleged subagent of plaintiff was not really plaintiff's subagent; and (c) defendant had previously terminated the parties' contract. All of these arguments relied on affidavits and evidence that were not part of the complaint. The Rule 12(b)(1) argument was

13

that the amount in controversy requirement was not satisfied. Approximately one page of defendant's opening brief addressed the jurisdictional issue. The court denied the Rule 12(b)(6) aspect of the motion because it relied on documents outside the pleadings and ordered plaintiff to respond to the amount in controversy issue. An answer and reply were filed. However, before the court ruled on the motion to dismiss for lack of jurisdiction, plaintiff voluntarily dismissed this action without prejudice. Plaintiff presently represents that it voluntarily dismissed the action because continued investigation determined that damages would total $26,859.63, substantially less than the jurisdictional amount requirement. Presently pending is defendant's motion for attorney fees based on a fee provision in the parties' contract.

Paragraph 9(I) of the parties' agreement provides: "If either party institutes any legal or other proceeding to enforce or interpret any term or provision hereof, the party prevailing in such proceeding shall be entitled to its reasonable attorney's fees from the non-prevailing party." Although the agreement has a California choice of law provision, defendant contends that Illinois law would apply and plaintiff does not disagree.

Plaintiff contends that, because the case was voluntarily dismissed without prejudice and plaintiff intends to refile in state court,[1] defendant is not a prevailing party. The parties' contract language, however, refers to "prevailing in [the] proceeding," not prevailing in the overall litigation or prevailing on the merits. Defendant prevailed in the proceeding in this court in that the case was dismissed, essentially for lack of subject matter jurisdiction. Cf. Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 929-30 (7th Cir. 2000), cert. denied, 532 U.S. 994 (2001). Defendant is a prevailing party entitled to "reasonable" fees.

For this case of short duration, defendant requests $39,520.50 in fees. This is based on 52.9 hours of attorney time at $380.00 per hour, 13 hours of attorney time at $315.00 per hour, and 61.9 hours of attorney time at $240.00 per hour for a total of 127.8 hours of attorney. Also included is another 5.75 hours of paralegal time at $100.00 per hour. This appears to be an excessive amount of time devoted to a $27,000 case that was dismissed shortly after it was filed. Moreover, much of that time was devoted to an improperly supported Rule 12(b)(6) motion

---

[1] As of defendant's October 20, 2004 filing of its reply brief, plaintiff had not yet filed a new action in state court.

to dismiss that was denied. Also, much time was devoted to investigating the case. The latter certainly will still be useful when plaintiff refiles in state court, as may some of the time devoted to the Rule 12(b)(6) motion that may eventually be useful if defendant moves for summary judgment. Any fee award based on that work would only be possibly appropriate if defendant prevails in the proceeding that plaintiff represents it will file in state court. In the present proceeding, though, the only reasonably expended time was time spent on moving to dismiss for lack of subject matter jurisdiction and the reasonable time that it would have taken to prepare an attorney fees motion limited to such work.

The time records before the court do not permit breaking out the hours that are appropriate to award on the present motion. Instead, defendant will be awarded a fee based on the court's estimation of the reasonable number of hours that it would have taken to prepare, present, and brief a motion to dismiss devoted to the jurisdictional amount issue and an appropriate motion for attorney fees. For the motion to dismiss, eight hours of attorney time and one hour of paralegal time would have been sufficient. For the motion for fees, two hours of

attorney time and one hour of paralegal time would have been sufficient. Defendant will be awarded fees based on the following calculation.

| | |
|---|---:|
| 2 hours at $380.00 per hour | $760.00 |
| 1 hour at $315.00 per hour | 315.00 |
| 7 hours at $240.00 per hour | 1680.00 |
| 2 hours at $100.00 per hour | 200.00 |
| TOTAL | $2,955.00 |

IT IS THEREFORE ORDERED that defendant's motion for attorney fees [9-1] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff in the amount of $2,955.00 representing reasonable attorney fees.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 15, 2004